# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE J. MONTIEL, | ) 1:11cv02145 DLB PC |
| Plaintiff, | ) ORDER DISMISSING CERTAIN |
| vs. | ) CLAIMS AND DEFENDANTS |
| YATES, et al., | ) |
| Defendants. | ) |

Plaintiff Jesse J. Montiel ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 28, 2011.[1]

On February 1, 2013, the Court screened Plaintiff's complaint and found that it stated a cognizable Eighth Amendment medical claim against Defendants Green, Taher-Pour, Wilson, Das and Wynn. The Court further found that it did not state an Eighth Amendment claim against Defendants Igbinosa and Yates. Plaintiff was ordered to notify the Court of his willingness to proceed only on the Eighth Amendment medical claim against Defendants Green, Taher-Pour,

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 7, 2012.

1

Wilson, Das and Wynn. On February 11, 2013, Plaintiff notified the Court of his willingness to do so. Accordingly, based on Plaintiff's notice, the Court issues this order.

A.  **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

B.  **SUMMARY OF COMPLAINT**

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), where the events at issue occurred. Since 2007, Plaintiff has been on pain medication for severe back pain. The medications included Tylenol and other non-steroidal anti-inflammatory drugs ("NSAIDs"). In March 2008, after months of complaining of severe pain and other sensations, Plaintiff

2

underwent an x-ray that revealed two degenerative/herniated discs in his back.  In March 2010, Plaintiff was prescribed a combination of Gabapentin and Tramidol, and this combination worked well in controlling his pain and other symptoms.

Plaintiff alleges that in or about June 2010, physicians on "A-Yard" began systematically discontinuing inmate pain medication pursuant to a policy being enforced by Defendant Igbinosa.[2]

On October 26, 2010, Plaintiff saw Defendant Physician's Assistant Wilson and learned that he had recommended to the physician who would see Plaintiff that his medications should be stopped and he should only be prescribed NSAIDs.  Plaintiff contends that Defendant Wilson knew that NSAIDs never worked for Plaintiff.  Plaintiff alleges that all Defendants also knew that he had active liver disease and that NSAIDs could therefore be harmful.

On November 26, 2010, Defendant Taher-Pour discontinued Plaintiff's Gabapentin.  Plaintiff told Dr. Taher-Pour that he had tried other forms of medications, but that they did not work.  Dr. Taher-Pour told Plaintiff that she was stopping the medication on recommendation of Defendant Wilson, and that she would only prescribe the NSAID Ibuprofen pursuant to policy.

Immediately after his Gabapentin was stopped, Plaintiff began submitting medical request forms complaining that the numbness and tingling sensations had come back.  He was told by the nurse that pursuant to Defendant Wilson's order, his medication was not to be renewed or reordered.

On December 10, 2010, Defendant Physician's Assistant Green discontinued Plaintiff's Tramidol.  Plaintiff alleges that this was done without an examination, as Plaintiff was sick that day and did not make it to his appointment.

---

[2] Plaintiff references exhibits throughout his complaint, but he is advised that no exhibits were attached.

Plaintiff continued to submit sick-call forms complaining of severe pain. He was informed that per Defendant Wilson's orders, his medications were not to be refilled or reordered.

On December 26, 2010, Plaintiff was hospitalized in PVSP's infirmary after becoming depressed because of the pain. While hospitalized, he saw Defendant Dr. Wynn, who stated that he would not do anything for Plaintiff's pain because it had already been stopped by a previous doctor and he did not want to go over anyone's head. Dr. Wynn did not respond to Plaintiff's request for medication to treat his pain.

Plaintiff also saw a second doctor while hospitalized. This doctor prescribed Gabapentin in a lower dose to treat his pain.

Plaintiff was discharged from the infirmary on January 3, 2011, and learned that his Gabapentin was once again stopped. He was left without any medication to treat his severe pain.

On January 10, 2011, Plaintiff saw Defendant Physician's Assistant Das and explained his situation. Defendant Das told Plaintiff that he would not give him anything other than NSAIDs because his medication had already been stopped by previous doctors. Plaintiff told Defendant Das that he was in severe pain, unable to sleep and becoming depressed again. Defendant Das stated, "sorry, it's policy." Complaint, at 9.

Plaintiff wrote letters to Defendants Yates and Igbinosa explaining how their subordinates were being deliberately indifferent to his serious medical needs. They did not respond to the letters.

On February 25, 2011, Plaintiff spoke to Defendant Wilson about the grievances he had filed. Plaintiff pointed out that he had a 2008 x-ray showing a back injury and Defendant Wilson responded, "oh, I guess I will have to review your chart again." Complaint, at 10.

On March 1, 2011, Plaintiff received a response from Defendant Wilson. Defendant Wilson did not address any of the issues that Plaintiff had brought to his attention and stated that

4

the appeal was partially granted because Plaintiff was receiving Ibuprofen. Plaintiff alleges that Defendant Wilson knew this medication was inadequate to treat his back pain.

After six months, Plaintiff continues to live in severe pain, and the pain is getting worse. His request forms have all been ignored.

Based on these facts, Plaintiff alleges (1) an Eighth Amendment deliberate indifference claim against Defendants Green, Taher-Pour, Wilson, Das and Wynn; and (2) failure to intervene against Defendants Igbinosa and Yates.

**C.    ANALYSIS**

　　1.    *Eighth Amendment Medical Claim*

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.

1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Based on Plaintiff's allegations, he has alleged an Eighth Amendment medical claim against Defendants Green, Taher-Pour, Wilson, Das and Wynn.

2. *Failure to Intervene*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837. Similarly, there is no *respondeat superior* liability under section 1983. To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff alleges a failure to intervene claim against Defendants Igbinosa and Yates. However, he does not sufficiently allege that either Defendant knew of, and disregarded, an excessive risk to Plaintiff's health of safety. Plaintiff alleges that he wrote them a letter stating that their subordinates were being deliberately indifferent to his serious medical needs. Simply sending a letter, however, does not support a presumption of knowledge. Pursuant to Iqbal, Plaintiff must affirmatively allege that Defendants Yates and Igbinosa received the letter and knew of its contents. For the same reasons, Plaintiff has not linked Defendants Yates and Igbinosa to any violation of his rights.

Accordingly, Plaintiff has failed to state a claim against Defendants Yates and Igbinosa.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint states an Eighth Amendment medical claim against Defendants Green, Taher-Pour, Wilson, Das and Wynn, but does not state a claim for relief against Defendants Yates and Igbinosa. Plaintiff was provided with an opportunity to either file an amended complaint or proceed only on his cognizable claims. Plaintiff opted to proceed on his cognizable claims. IT IS THEREFORE ORDERED that:

1. This action proceed on the Eighth Amendment medical claim against Defendants Green, Taher-Pour, Wilson, Das and Wynn; and
2. Plaintiff's Eighth Amendment claim against Defendants Yates and Igbinosa is DISMISSED for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **February 15, 2013**              /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE