# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JESSE J. MONTIEL,<br><br>       Plaintiff,<br><br>    vs.<br><br>YATES, et al.,<br><br>       Defendants. | ) 1:11cv02145 LJO DLB PC<br>)<br>)<br>) ORDER REGARDING PLAINTIFF'S<br>) MOTION TO CORRECT DATES<br>)<br>) (Document 24)<br>)<br>)<br>) |

Plaintiff Jesse J. Montiel ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.1983. This action is proceeding on Plaintiff's December 28, 2011, complaint for deliberate indifference to a serious medical need violation of the Eighth Amendment against Defendants Green, Taher-Pour, Wilson, Das and Wynn.

Defendants Taher-Pour and Wilson filed their answer on June 24, 2013. The remaining three Defendants have not yet been served.

On July 3, 2013, Plaintiff filed a motion to correct dates in Paragraphs 19 and 21 of his complaint. Defendants did not file an opposition.

### **DISCUSSION**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

1

Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. Pro. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). In this case, a responsive pleading has been served. Therefore, Plaintiff may not file an amended complaint without leave of the court.

Here, Plaintiff seeks to change a time-frame referred to in Paragraph 19 from "1 year" to "7.5 months." He also seeks to change a date in Paragraph 21 from "November 26, 2010" to "November 19, 2010." Plaintiff states that he inadvertently included the incorrect dates and discovered the correct dates through a response from Defendants.

The Court finds that allowing Plaintiff to amend the dates described above would not prejudice Defendants, would not result in undue delay and would not be futile. There is also no indication that Plaintiff seeks to amend in bad faith.

Accordingly, Plaintiff's motion to amend is GRANTED. **Plaintiff must file a complete, amended complaint within thirty (30) days from the date of service of this order**. Plaintiff is reminded that these are the only changes that he may make, and that his amended complaint should only reference the Eighth Amendment claim that has been found cognizable. Plaintiff is further reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

Defendants may file a responsive pleading within thirty (30) days of the date of service of the First Amended Complaint, or they may notify the Court that they wish to stand on their June 4, 2013, answer.

IT IS SO ORDERED.

Dated: **August 7, 2013**               /s/ *Dennis L. Beck*
                                                           UNITED STATES MAGISTRATE JUDGE