# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE J. MONTIEL,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>YATES, et al.,<br><br>　　　　　Defendants. | ) 1:11cv02145 DLB PC<br>)<br>)<br>) ORDER DENYING PLAINTIFF'S<br>) MOTION FOR SUBPOENA DUCES<br>) TECUM<br>)<br>) (Document 40)<br>)<br>) |

　　　　Plaintiff Jesse J. Montiel ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.1983. This action is proceeding on Plaintiff's August 30, 2013, First Amended Complaint for deliberate indifference to a serious medical need violation of the Eighth Amendment against Defendants Green, Taher-Pour, Wilson, Das and Wynn.

　　　　Defendants Taher-Pour and Wilson filed their answer on June 24, 2013. The remaining three Defendants have not yet been served.

　　　　On June 25, 2013, the Court issued a Discovery and Scheduling Order. Defendants moved for reconsideration of the order, which was denied on August 6, 2013.

1

On November 1, 2013, Plaintiff filed a motion for a subpoena duces tecum. Plaintiff states only that third-party Felix Igbinosa has "particular documents" in his possession that are relevant to Plaintiff's case.

This case is currently in the discovery phase and the deadline for the completion of all discovery is set for November 22, 2013.

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b).

In this instance, Plaintiff has not identified the nature of the documents he seeks, nor has he demonstrated that he sought the documents from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. If he has done so, he has not filed a motion to compel those documents.[1]

---

[1] Plaintiff filed a motion to compel on September 6, 2013, after not receiving any responses to his written discovery. In their opposition, Defendants indicated that they had served the discovery at issue a day prior to the response date. It appeared that Plaintiff had not received the responses when he filed the motion to compel, and the Court therefore denied the motion. Plaintiff has not filed any further motions to compel.

Therefore, Plaintiff's motion for the issuance of a subpoena duces tecum is HEREBY DENIED as premature, without prejudice to renewal.

IT IS SO ORDERED.

Dated:   **November 13, 2013**              /s/ *Dennis L. Beck*
                                      UNITED STATES MAGISTRATE JUDGE