# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE J. MONTIEL,<br><br>      Plaintiff,<br><br>vs.<br><br>YATES, et al.,<br><br>      Defendants. | 1:11cv02145 DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT WYNN SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M)<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Jesse J. Montiel, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 28, 2011.  This action is proceeding against Defendants Green, Taher-Pour, Wilson, Das and Wynn for violation of the Eighth Amendment.

      Defendants Taher-Pour and Wilson waived service and have appeared in this action, and the Court recently ordered the United States Marshal to attempt re-service on Defendants Green and Das.

      However, the Marshal was not able to locate Defendant Wynn and service was returned un-executed on January 16, 2014.

1

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Wynn.[1] *Walker*, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why Defendant Wynn should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order, or responds but fails to show cause, Defendant Wynn shall be dismissed from this action.

---

[1] Assistance has been sought from the prison, the California Department of Corrections and Rehabilitation and the Attorney General's Office.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Wynn should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Wynn from this action.

IT IS SO ORDERED.

Dated:    **March 27, 2014**                                    /s/ *Dennis L. Beck*
                                                                      UNITED STATES MAGISTRATE JUDGE